IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DEBRA D. CURRY et al., | |
| Plaintiffs, | |
| v. | 1:11-cv-03088-WSD |
| WILLIAMS O'BRIEN, Chief of Police for the County of Dekalb, in his official and individual capacities, et al., | |
| Defendants. | |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff Debra D. Curry's ("Plaintiff") Motion to Reconsider the Court's Order granting the Plaintiffs' Motion to Voluntarily Dismiss the Complaint against all Defendants.

**I.   BACKGROUND**

A.   Procedural History

On September 12, 2011, Plaintiff filed a Complaint against the Defendants that asserted causes of action under 42 U.S.C. § 1983, and assault, battery, trespass and damage to property. The Complaint concerns an incident in which Dekalb County police officers are alleged to have falsely arrested the Plaintiffs. On May

11, 2012, the Clerk's office received as one filing, two Notices of Voluntary Dismissal. The first was a "Notice of Voluntary Dismissal of Complaint" signed by Plaintiff. In it, the Plaintiff sought the voluntary dismissal of her claims, as well as those of the other listed Plaintiffs, without prejudice, against all Defendants, pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure. Plaintiff alternatively requested the voluntary dismissal of all her claims against all Defendants, without prejudice, by Court order, pursuant to Rule 41(a)(2). The Second Notice, which was signed by Plaintiff's attorney, sought to voluntarily dismiss, with prejudice, all claims against the City of Decatur. On September 28, 2012, the Court granted the Plaintiffs' Motion to voluntarily dismiss the Complaint.

On June 21, 2013, Plaintiff filed her Motion to Reconsider the Court's earlier Order granting the Motions to Voluntarily Dismiss the Complaint. In her Motion to Reconsider, the Plaintiff asserts that she signed the First Notice of Voluntary Dismissal by mistake. The Plaintiff contends that she intended to voluntarily dismiss the Complaint against only two Defendants: the City of Decatur and McCurdy & Chandler. The Plaintiff appears to argue that the Notices of Voluntary Dismissal, which sought the dismissal of her Complaint with respect to all Defendants, were filed because her attorney was negligent and failed to

provide her with competent representation.

## II. DISCUSSION

### A. Legal Standard

"A motion for reconsideration made after final judgment falls within the ambit of either Rule 59(e) (motion to alter or amend a judgment) or Rule 60(b) (motion for relief from judgment or order)." Region 8 Forest Serv. Timber Purchasers Council v. Alcock, 993 F.2d 800, 806 n.5 (11th Cir. 1993). The Court does not reconsider its orders as a matter of routine practice. LR 7.2 E., N.D. Ga. The Court's Local Rules require the parties to file any such motions for reconsideration "within twenty-eight (28) days after entry of the order or judgment." Id.

Federal Rule of Civil Procedure 60(b) provides limited circumstances under which a Court can relieve a party from a final judgment or order. Fed. R. Civ. P. 60(b). These include: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time . . . ; (3) fraud . . . misrepresentation, or other misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged ... reversed or vacated; or (6) any other reason that justifies

relief. Fed. R. Civ. P. 60(b); Rease v. Harvey, 376 F. App'x 920, 921 (11th Cir. 2010).

A motion for reconsideration should not be used to present the Court with arguments already heard and dismissed, or to offer new legal theories or evidence that could have been presented in the previously-filed motion. See Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007); O'Neal v. Kennamer, 958 F.2d 1044, 1047 (11th Cir. 1992); Bryan v. Murphy, 246 F. Supp. 2d 1256, 1259 (N.D. Ga. 2003); see also Jones v. S. Pan Servs., 450 F. App'x 860, 863 (11th Cir. 2012) ("A motion to alter or amend a judgment cannot be used to relitigate old matters, raise arguments, or present evidence that could have been raised prior to the entry of judgment."); Pres. Endangered Areas, 916 F. Supp. at 1560 ("A motion for reconsideration is not an opportunity for the moving party and their counsel to instruct the court on how the court 'could have done it better' the first time."). Whether to grant a motion for reconsideration is within the sound discretion of the district court. See Region 8, 993 F.2d at 806.

B. Analysis

While the Eleventh Circuit has not directly addressed the issue, a majority of circuits have found that a voluntary dismissal without prejudice is a final proceeding under Rule 60(b). See Yesh Music v. Lakewood Church, 727 F.3d

4

356, 362-63 (5th Cir. 2013) (concluding that "in light of the extensive circuit cases discussed above, we are satisfied that a Rule 41(a)(1)(A) voluntary dismissal without prejudice qualifies as a 'final proceeding'" subject to vacatur under Rule 60(b)); Nelson v. Napolitano, 657 F.3d 586, 589 (7th Cir. 2011) (agreeing that "there may be instances where a district court may grant relief under Rule 60(b) to a plaintiff who voluntarily dismissed the action."); Smith v. Phillips, 881 F.2d 902, 904 (10th Cir. 1989) (holding that "'[a]n unconditional dismissal terminates federal jurisdiction except for the limited purpose of reopening and setting aside the judgment of dismissal within the scope allowed by 60(b).'") (citations omitted); Williams v. Frey, 551 F.2d 932, 934-35 (3d Circuit 1977) (explaining that "rule 60(b) speaks of relief from a final 'proceeding' as well as a final 'judgment' or 'order,' and that the voluntary "dismissal of the suit was, in our view, a proceeding, and it was clearly final. In sum, the [district] court had the power to reopen the dismissed suit.").

In light of this weight of authority, the Court construes the Plaintiff's Motion for Reconsideration as a motion that seeks relief from a final proceeding under Rule 60(b). Plaintiff argues that her case should be reinstated because she personally signed the first Notice of Voluntary Dismissal by mistake. Plaintiff also alleges that the Notices of Voluntary Dismissal requested that all claims against all

defendants be dismissed, including claims against certain defendants that the Plaintiff did not intend to voluntarily dismiss, because of her attorney's negligence and deficient performance.[1]  The Court construes the Plaintiff's claim as one that seeks reinstatement of this matter on the grounds of "mistake, inadvertence, surprise, or excusable neglect."  Fed. R. Civ. P. 60(b)(1).  The Eleventh Circuit has repeatedly "'demonstrated its wariness of [granting] Rule 60(b)(1) relief for excusable neglect based on claims of attorney error.'"  S.E.C. v. Simons, 241 F. App'x 660, 664 (11th Cir. 2007) (quoting Cavaliere v. Allstate Ins. Co., 996 F.2d 1111, 1115 (11th Cir. 1993).

"At the very least, a party must demonstrate [her] own diligence, even where the attorney commits gross misconduct."  Id. (citations omitted) see also Florida Physician's Ins. Co. v. Ehlers, 8 F.3d 780, 784 (11th Cir. 1993) (holding that an attorney's failure to inform the defendant that a default judgment had been entered did not constitute as "excusable neglect" because the defendant "appear[ed] to have done nothing to ensure that his interests were being sufficiently represented.

---

[1] On May 21, 2012, Plaintiff's attorney filed a "Motion to Amend."  Despite being styled a "Motion to File Second Amended Petition," the Motion did not request leave to file a new Complaint.  The document was a line-by-line "answer" to one of the Defendants' Answers.  The document also did not identify which Answer it purported to respond to.  Given this nonsensical filing, the Court observes that Plaintiff's claims alleging negligence and deficient performance may not be frivolous.

6

Such inaction demonstrates a lack of diligence on [the defendant's] part, especially when [plaintiff] alleged millions of dollars of damages in its complaint.").

The Plaintiff has not shown that she is entitled to relief from the Court's Order even if the Court assumes that the Notices of Voluntary Dismissal purported to dismiss all claims against all Defendants because of attorney negligence.  The Plaintiff personally signed the first Notice of Voluntary Dismissal, which requested the dismissal of all claims, without prejudice, against all Defendants.  Plaintiff now seeks to set aside the Court's Order because she did not carefully read the first Notice of Voluntary Dismissal despite placing her own personal signature on the Notice—a motion that expressed Plaintiff's desire to voluntarily dismiss the entire case and abandon all claims that addressed the alleged violation of her constitutional rights.  Plaintiff has failed to demonstrate her own diligence, and her failure to properly read the Notices of Voluntary Dismissal is inexcusable.

### III.  CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that the Plaintiff's Motion for Reconsideration is **DENIED**.

7

**SO ORDERED** this 27th day of February 2014.

_/s/ William S. Duffey_
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE